[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CT Page 4618 MOTION FOR SUMMARY JUDGMENT #119
Plaintiff sued defendant for injuries suffered when plaintiff was hit by a golf ball allegedly driven by defendant while both were golfing at Whitney Farms Country Club. Defendant then brought a third party complaint against CBL, the alleged owners of the golf course, claiming that he was entitled to contribution from CBL in the event that the jury found defendant liable, because CBL was negligent in its operation and maintenance of the golf course. CBL moves for summary judgment on this third party complaint.
Under General Statutes 52-572h(g) a party is entitled to contribution only after judgment. Rondeau v. Ritenour, 1 CTLR 413 (March 28, 1990, Spear, J.). Thus, third party plaintiff cannot now bring an action for contribution. Id. See also Figuiredo v. Purity Supreme, 5 Conn. L. Rptr. 317 (December 5, 1991, Schaller, J.), Downs v. Torres, 4 Conn. L. Rptr. 635 (August 29, 1991, Hennessey, J.); Fortin v. Bok, 4 Conn. L. Rptr. 223 (May 31, 1991, Ballen, J.); Frederick v. GeneraL Equities, 3 Conn. L. Rptr. 346
(February 13, 1991, Allen, J.); Vahey v. Dodson,3 Conn. L. Rptr. 91
(January 14, 1991, Nigro, J.). Thus, third party defendant is entitled to judgment as a matter of law, and the motion for summary judgment is granted.
The third party plaintiff in this case is actually seeking is the apportionment of liability pursuant to 52-572h. The proper method of having the jury apportion liability to third party defendant, if appropriate, is to have third party plaintiff cite in CBL pursuant to General Statutes 52-102. See Rondeau, supra, Downes, supra, Vahey, supra. See also McKeever v. Papuin,4 Conn. L. Rptr. 383 (July 19, 1991, Jones, J.); Snipes v. Fisher,4 Conn. L. Rptr. 416 (July 31, 1991, Wagner, J.); Deveau v. Buccheri,4 Conn. L. Rptr. 355 (July 3, 1991, Hennessey, J.).
COFIELD, J.